**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHAWN LIGGINS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-977-ACL |
| OFFICER UNKNOWN LEWIS, et al., | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Shawn Liggins, Sr., an inmate at the St. Louis City Justice Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $4.07. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits in the amount of $20.35, and an average monthly balance of $19.41. The Court will therefore assess an initial partial filing fee of $4.07, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Officer Unknown Lewis, Dr. Fuentes, and the St. Louis City Justice Center. He sues the individual defendants in their individual capacities. He alleges as follows.

On May 17, 2020, Lewis "allowed three detainees to use [their] jail made devices to open their cell doors" and enter the dayroom area. Lewis did not report the incident. The detainees told Lewis they were refusing housing, and Lewis told them "she would see how she could accommodate them." "Soon after," the three detainees ran past Lewis and beat plaintiff, causing him to temporarily lose consciousness and suffer injuries.

Next, plaintiff alleges that "Dr. Fuentes, and St. Louis City Justice Center, refused to give plaintiff medical attention, or adequate medical attention after the incident." Plaintiff alleges he did not receive stitches in his lip and he has a "permanent bruise" around his mouth "because Defendant Fuentes refused to allow him necessary treatment that a layperson would have knowledge of." Plaintiff also alleges that, weeks later, Dr. Fuentes "refused to adequately treat him" for a finger injury he suffered during a fight with another detainee. Plaintiff explains that a nurse told him the doctor should have given him a tetanus shot. In addition to the injuries to his lip and finger, plaintiff alleges he suffered a hand fracture, headaches, dizziness, loss of range of motion in his hand and finger, and nightmares. He seeks monetary and injunctive relief.

## Discussion

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994), *Perkins v. Grimes*, 161 F.3d 1127, 1129–30 (8th Cir. 1998). This includes the duty to provide adequate medical care, *Estelle,* 429 U.S. at 103, and to take reasonable measures to protect prisoners from violence at the hands of other prisoners. *Farmer,* 511 U.S. at 832. Because plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citing *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir. 2007)). However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," [courts] apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts." *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)).

In the case at bar, plaintiff can be understood to claim that Dr. Fuentes is liable to him because he provided constitutionally-inadequate medical care. However, plaintiff's allegations do not establish that Dr. Fuentes actually knew of, and deliberately disregarded, a serious medical need, as required to state a viable deliberate-indifference claim. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (describing the subjective element of a deliberate indifference claim). Instead, plaintiff offers only the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true

a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Plaintiff can also be understood to claim that Lewis is liable to him because she failed to protect him from the assault. However, plaintiff does not sufficiently allege that Lewis was aware of facts from which she could infer a substantial risk of serious harm to plaintiff and failed to respond, as required to state a viable failure-to-protect claim. *See Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (describing the subjective element of a failure-to-protect claim). Finally, the St. Louis City Justice Center is not an entity that is suable under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Accordingly, for these reasons, the complaint is subject to dismissal.

In consideration of plaintiff's *pro se* status, the Court will allow him to file an amended complaint to attempt to cure the deficiencies. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In

separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent *pro se* litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon the complaint, it appears this case is factually and legally straightforward, and there is no indication that plaintiff will be unable to investigate the facts. Also, the motion is premature, as no defendant has been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.07 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 3rd day of September, 2020.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE