UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN LIGGINS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-977-ACL |
| | ) |
| OFFICER UNKNOWN LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Shawn Liggins, Sr., a prisoner who is proceeding herein *pro se* and *in forma pauperis*. For the reasons explained below, the Court will dismiss defendant Ashley Lewis from this action, and will direct the Clerk to issue process upon the amended complaint as to defendant Dr. Fe Fuentes.

### Legal Standard

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Ashley Lewis and Dr. Fe Fuentes in their individual capacities. He identifies Lewis as a corrections officer at the St. Louis City Justice Center, and he identifies Dr. Fuentes as a medical doctor employed by Corizon. The allegations in the amended complaint concern events that occurred when plaintiff was a detainee at the St. Louis City Justice Center. He alleges as follows.

On May 17, 2020, three unidentified detainees "escaped their assigned cells and approached Officer Ashley Lewis with their property packed, requesting to speak to the Lieutenant, Officer Ashley Lewis's supervisor." Plaintiff alleges that although Lewis had a duty to protect him and should have reported the detainees "per the City of St. Louis Department of

Public Safety Division of Corrections Handbook policy," she failed to report that the detainees had left their cells. The three detainees later ran past Lewis, entered the recreation area, and beat plaintiff. As a result of the beating, plaintiff's "tooth went through [his] upper lip – severed lip." Plaintiff also suffered a hand fracture, and was rendered temporarily unconscious.

On that same date, plaintiff was taken to the medical department and was examined by Nurse Morse. Nurse Morse told plaintiff she needed to call Dr. Fe Fuentes to get approval to "send [plaintiff] out for stitches." However, Dr. Fuentes refused to approve medical care for plaintiff. As a result, plaintiff did not receive stitches in his lip, nor did he receive any other medical care. He was left with a "permanent bruise about the mouth" and loss of range of motion of his hand, among other injuries. He seeks monetary and injunctive relief.

## Discussion

The Court first addresses plaintiff's allegations against Dr. Fuentes. Because plaintiff was a pretrial detainee at the time in question, plaintiff's claims against Dr. Fuentes arise under the Due Process Clause of the Fourteenth Amendment. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citing *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)). However, because pretrial detainees are entitled to "at least as great protection" as that afforded convicts under the Eighth Amendment, courts apply the same deliberate indifference standard as that applied to conditions-of-confinement claims brought by convicts. *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)).

To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical

3

need." *Id.* Second, an inmate must show that the defendant knew of and deliberately disregarded that need. *Id.*

Having thoroughly reviewed the amended complaint and liberally construed plaintiff's allegations, the Court concludes that plaintiff has adequately alleged he suffered from an objectively serious medical need, and that Dr. Fuentes actually knew of and deliberately disregarded that need. The Court therefore concludes that plaintiff has stated a viable deliberate indifference claim against Dr. Fuentes, and will require Dr. Fuentes to respond to the amended complaint.

The Court now addresses plaintiff's allegations against Lewis. Plaintiff claims Lewis is liable to him because she violated the policy set forth in the City of St. Louis Department of Public Safety Division of Corrections Handbook when she failed to report the three detainees. However, an internal jail policy or procedure does not create a constitutional right, nor does a prison official's failure to follow such a policy rise to the level of a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Therefore, plaintiff's claim against Lewis fails to the extent it is premised solely upon her alleged violation of a policy set forth in the City of St. Louis Department of Public Safety Division of Corrections Handbook.

Plaintiff can also be understood to assert a constitutional failure-to-protect claim against Lewis. For the reasons explained above, the Court will analyze this claim under the Eighth Amendment deliberate indifference standard. *See Hott v. Hennepin County, Minnesota*, 260 F.3d 901, 905 (8th Cir. 2001) (applying the Eighth Amendment deliberate indifference standard to a pretrial detainee's failure-to-protect claim). This standard requires plaintiff to show an objective

4

and a subjective component. The objective component requires plaintiff to demonstrate a substantial risk of serious harm, and the subjective component requires him to show that Lewis acted with a culpable state of mind; that is, that she actually knew of, but deliberately disregarded, that risk. *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998)).

With respect to the subjective component, Lewis must be aware of facts from which she could infer the existence of a substantial risk of serious harm, and she must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Eighth Amendment is not violated when an official fails "to alleviate a significant risk that he should have perceived but did not." *Id.* at 838. "[N]ot . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

In the case at bar, plaintiff alleges that the three detainees escaped their assigned cells and, with their personal property in hand, approached Lewis and asked to speak to her supervisor. Plaintiff alleges that Lewis failed to report the detainees, and the detainees later ran to the recreation area and beat plaintiff. Plaintiff does not identify any of the three detainees, nor does he allege he or anyone else had a history of conflict with them. Plaintiff does not allege that he or anyone else discussed the three detainees with Lewis, that the detainees behaved in an aggressive or threatening manner when they approached Lewis, or any allegations that would permit the inference that Lewis was aware of facts from which she could infer the detainees posed a substantial risk of serious harm. Plaintiff also failed to allege any such facts in his original complaint and, as the Court explained in its September 3, 2020 order, the original complaint therefore failed to state a viable failure-to-protect claim.

While plaintiff is not required to allege and prove Lewis specifically knew about or anticipated the precise source of harm, he is required to allege more than a general risk of violence that is inherent in prison life. *See Curry v. Crist*, 226 F.3d 974, 978 (8th Cir. 2000) (prison officials "are not required to segregate indefinitely all inmates whose original crimes suggest they might be capable of further violence"); *see also Baker v. Pettis County Jail*, 2007 WL 4289693, *7 (W.D. Mo. Nov. 28, 2007) (the reality is that inmates do not always get along; therefore, inmate's generalized statements that he was not getting along with other inmates and had been harassed and threatened were insufficient to establish the defendant official had sufficient knowledge of a substantial risk of serious harm). Plaintiff's allegations establish, at most, that Lewis should have, but did not, perceive a significant risk. However, such allegations do not rise to the level of deliberate indifference, as necessary to state a viable failure-to-protect claim. *See Farmer,* 511 U.S. at 838; *see also Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (explaining, in a failure to protect case, that "deliberate indifference includes something more than negligence ... it requires proof of a reckless disregard of the known risk."). Having thoroughly reviewed and liberally construed the allegations in the amended complaint, the Court concludes plaintiff has failed to state a failure-to-protect claim against Lewis. The Court will therefore dismiss Lewis from this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ashley Lewis is **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendant Dr. Fe Fuentes.

Dated this __27th__ day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE